Silverio B. SALINAS, Plaintiff–
Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for Structured Asset Secu-
rities Corporation Mortgage Pass–
Through Certificates Series 2007–
WF1; Barrett Daffin Frappier Turner
& Engel, L.L.P.; Wells Fargo Bank,
N.A.; Vicki Hammonds; Judge Dun-
can Neblett, Jr., Individually and in
his Official Capacity as Judge in the
Justice of the Peace Court, Precinct 4,
Nueces County, Texas, Defendants–
Appellees.

No. 13–41012
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 1, 2014.

Silverio B. Salinas, El Monte, CA, pro
se.

William Scott Hastings, Esq., Scott Karl
Koelker, Locke Lord, L.L.P., Dallas, TX,
Steven A. Leyh, Argie Dafnis Brame,
Leyh, Payne & Mallia, P.L.L.C., Houston,
TX, Neil Joseph Unruh, Alissa Anne Ad-
kins, District Attorney's Office, Corpus
Christi, TX, for Defendants–Appellees.

Before HIGGINBOTHAM, JONES, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Silverio B. Salinas
appeals the dismissal without prejudice of
his civil suit, which challenged the foreclo-
sure of his home, for lack of subject mat-
ter jurisdiction. He contests the district
court's determination that it lacked juris-
diction under the *Rooker–Feldman* doc-
trine[1] and argues that his claims fall
within three exceptions to the doctrine,
namely, exceptions based on a void judg-
ment, fraud, and a denial of due process.

The *Rooker–Feldman* doctrine bars a
district court from exercising subject mat-
ter jurisdiction in an action it would other-
wise be empowered to adjudicate if the
federal plaintiff seeks to overturn a state
judgment. *Exxon Mobil Corp. v. Saudi
Basic Indus. Corp.*, 544 U.S. 280, 291, 125
S.Ct. 1517, 161 L.Ed.2d 454 (2005). The
doctrine "is confined to ... cases brought
by state-court losers complaining of inju-
ries caused by state-court judgments ren-
dered before the district court proceedings
commenced and inviting district court re-
view and rejection of those judgments."
*Id.* at 284, 125 S.Ct. 1517.

The record supports that Salinas initi-
ated the instant federal proceedings to at-
tack collaterally and to seek enjoinment of
a preexisting state judgment in a forcible
detainer suit and writ of possession ren-
dered in favor of U.S. Bank National Asso-
ciation. Salinas's arguments implicate the
validity of the state foreclosure judgment,
and he seeks legal determinations that
would allow him to retain, or reclaim, pos-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1. The *Rooker–Feldman* doctrine refers to the
doctrine derived from two Supreme Court

cases, *District of Columbia Court of Appeals v.
Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75
L.Ed.2d 206 (1983), and *Rooker v. Fidelity
Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68
L.Ed. 362 (1923).

session of his home. Because Salinas's present claims arise from the state court proceedings and are "inextricably intertwined" with the state court's judgment— i.e., reversal of the state court's judgment would be a necessary part of the relief requested by Salinas, and the source of his claims is the state judgment and writ of possession—the district court lacked subject matter jurisdiction to review his claims under the *Rooker–Feldman* doctrine. *See Exxon,* 544 U.S. at 291, 125 S.Ct. 1517; *Davis v. Bayless,* 70 F.3d 367, 375 (5th Cir.1995).

Moreover, Salinas's contention that his case presents exceptions to the *Rooker–Feldman* doctrine is without merit. As to his first argument, under some circumstances, a federal court may review the state court record to determine if the judgment is void. *See United States v. Shepherd,* 23 F.3d 923, 925 (5th Cir.1994). A Texas judgment is only void if "the rendering court (1) lacked jurisdiction over the party or his property; (2) lacked jurisdiction over the subject matter of the suit; (3) lacked jurisdiction to enter the particular judgment rendered; or (4) lacked the capacity to act as a court." *Id.* at 925 n. 5. Salinas's complaint, however, is devoid of any factual allegations that the Texas justice court did not have jurisdiction or the proper capacity to act.

Salinas also relies on a fraud exception to the *Rooker–Feldman* doctrine. However, "there is no such thing as a 'fraud exception'" to the *Rooker–Feldman* doctrine. *Truong v. Bank of America, N.A.,* 717 F.3d 377, 384 n. 6 (5th Cir.2013). Further, Salinas's claims that the state court judgment was procured through fraud are not "independent" and instead are presented for purposes of contesting the parties' rights to foreclose on his property and the implication of those rights for the validity of the state court action. *See id.* at 384 &

n. 3. Finally, Salinas's attempt to place his claims within a due process exception fails, as there is no procedural due process exception to the *Rooker–Feldman* doctrine. *Richard v. Hoechst Celanese Chem. Group, Inc.,* 355 F.3d 345, 350 (5th Cir. 2003); *see also Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir.1994).

The judgment of the district court is AFFIRMED. The request of Defendant-Appellees Barrett Daffin Frappier Turner & Engel, L.L.P. and Vicki Hammonds that this court strike Salinas's appellate brief is DENIED as moot.